IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUINTIN LEON FELTON, | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-2904-K-BK |
| | § | |
| SSA ABOUT DECISION MADE, | § | |
|    DEFENDANT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### I. BACKGROUND

On November 21, 2024, Plaintiff Quintin Leon Felton filed this action against the Social Security Administration (SSA). Doc. 3. At a minimum, the *pro se* complaint is inartfully pled. Felton alleges that he has been banned from entering SSA offices nationwide because of an issue that arose at a SSA office in Dallas, Texas. Doc. 3 at 1. He states that he needs in-person help at a local SSA office. *Id.* Felton thus requests that the Court overturn the nationwide ban imposed against him. *Id.*

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. The *Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Likewise, the Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Under the doctrine of sovereign immunity, the United States Government cannot be sued unless it gives its consent. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (quotations and citations omitted)). The sovereign immunity of the United States extends to its agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Further, like all federal agencies, the SSA is immune from an action based on *Bivens*.[1] *Id.* at 484-86.

Because "[s]overeign immunity is jurisdictional in nature," *Meyer*, 510 U.S. at 475, Felton, as the plaintiff, has the burden to show an "unequivocal waiver of sovereign immunity" *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009). Felton's bare

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

allegations, however, do not identify any waiver of sovereign immunity and the Court has found none.  Thus, subject matter jurisdiction over his claims is lacking.

Moreover, even if Felton had named a proper party as defendant, he has failed to allege a plausible claim that his constitutional or federal statutory rights have been violation.  To the extent that he asserts that the SSA violated his constitutional rights by barring him from entering any SSA office, his claim fails. "The ability to enter a federal building [such a SSA office] is not, in itself, a cognizable liberty or property interest." *Richards v. Soc. Sec. Admin.*, No. 15 CV 1528, 2016 WL 4690394, at *3 (E.D.N.Y. Sept. 7, 2016); *see Gault v. Soc. Sec. Admin.*, No. 17-CV-703 (PKC), 2017 WL 1655192, *2 (E.D.N.Y. May 2, 2017) (no constitutional violation based on SSA letter barring the plaintiff from entering any SSA buildings); *Stone v. Paragon Sys., Inc.*, No. CV15-7715, 2017 WL 6520604, at *3 n.8 (C.D. Cal. Sept. 13, 2017) (same).  Further, Felton is able to communicate with the SSA by phone, internet, or mail, or he can designate another person to act on his behalf.  *See* 20 C.F.R. § 422.904(c).  He also can appeal the SSA ban decision and request for periodic review.  20 C.F.R. §§ 422.905, 422.906.

Accordingly, Felton's complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.[2]

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  The facts as alleged by Felton in his complaint clearly

---

[2] Because jurisdiction is lacking, the Court need not address the deficiencies in Plaintiff's complaint and motion to proceed *in forma pauperis* and require compliance with the Court's filing requirements.

demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, it is recommended that Felton's action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

**SO RECOMMENDED** on November 22, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).